# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

---

JIMMY BRYSON and
LATONYA BRYSON,

    Plaintiffs,

v.                                     Case No. 2:24-cv-02445-MSN-tmp

NEWREZ LLC d/b/a
SHELLPOINT MORTGAGE SERVICING
f/k/a SPECIALIZED LOAN SERVICING

    Defendant.

---

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

---

Before the Court is Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 9, "Motion"), filed August 2, 2024. Plaintiffs did not timely respond. On October 8, 2024, this Court entered an Order to Show Cause (ECF No. 10) directing Plaintiffs to demonstrate why the action should not be dismissed for failure to prosecute. Plaintiffs filed their Response to Show Cause Order (ECF No. 11), which included a belated opposition to the Motion to Dismiss but offered no explanation for failure to respond timely or request for leave to file out of time. Defendant filed a Reply in Support of Its Motion to Dismiss (ECF No. 12) on October 29, 2024, requesting that the Court strike or disregard Plaintiff's untimely response and argued that the failure to address Defendant's legal arguments constituted waiver.

For the reasons below, Defendant's Motion to Dismiss is **GRANTED**, and the case is **DISMISSED WITH PREJUDICE.**

## BACKGROUND

Plaintiffs filed this action in Shelby County Chancery Court on May 22, 2024 (ECF No. 1-1), alleging that Defendant improperly foreclosed on their property without adequate notice. Defendant removed the case to this Court on June 26, 2024. (ECF No. 1.)

Although it is not a model of clarity, Plaintiff's Complaint appears to assert claims for wrongful foreclosure, violation of due process, and fraud or misrepresentation based on a payoff statement issued after the foreclosure sale.[1]  Specifically, Plaintiffs allege they "received no notice of the foreclosure" or "notice of [their] default on the mortgage" (ECF No. 1-1 at PageID 8), and that Defendant "lied both orally and in writing to the Plaintiffs about the status of the loan" (*Id.* at PageID 10), referencing a payoff statement issued in March 2024, after the foreclosure had already occurred in February 2024.

## STANDARD OF REVIEW

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court accepts the plaintiff's "plausible factual allegations as true and draw[s] all reasonable inferences" in the plaintiff's favor. *Marchek v. United Servs. Auto. Ass'n*, 118 F.4th 830, 833 (6th Cir. 2024); *Cook v. Ohio Nat'l Life Ins. Co.*, 961 F.3d 850, 855 (6th Cir. 2020). Using this framework, the court determines whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*,

---

[1] At the March 21, 2025 scheduling conference, Plaintiffs' counsel clarified that the claims asserted were for wrongful foreclosure, fraud or misrepresentation, and due process.

550 U.S. at 556). A complaint need not contain detailed factual allegations; however, a plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, "a plaintiff must allege facts that, when taken as true, state a claim to relief that is plausible on its face and that rises above the speculative level." *Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 410 (6th Cir. 2024) (cleaned up). If a court decides, in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage. *Iqbal*, 556 U.S. at 679.

A district court is not permitted to consider matters beyond the complaint" when considering a motion to dismiss under Rule 12(b)(6). *Mediacom Se. L.L.C. v. BellSouth Telcoms., Inc.*, 672 F.3d 396, 399 (6th Cir. 2012). If a court considers material outside of the pleadings, the motion to dismiss must be converted into a motion for summary judgment under Federal Rule of Civil Procedure 56, "and all parties must be given a reasonable opportunity to present all material pertinent to the motion." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). A court may, however, consider exhibits attached to the petition as well as exhibits attached to the motion to dismiss "so long as they are referred to in the [c]omplaint and are central to the claims contained therein," without converting the motion to one for summary judgment. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). Documents concerning notice, including proof of publication, should be considered part of the pleadings in a wrongful foreclosure claim when notice is referred to in the complaint because notice is central to such a claim. *Muldrow v. JPMorgan Chase Bank, N.A.*, No. 16-cv-2381-STA-cgc, 2016 WL 4031387, at *3 (W.D. Tenn. July 26, 2016).

3

## DISCUSSION

A.   **Timeliness of Response and Waiver**

Defendant's argues that the Court should strike or disregard the untimely response and further contends that Plaintiffs waived any argument in opposition by failing to address the legal grounds set forth in the Motion. (ECF No. 12.)

In support, Defendant cites authority holding that "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to… put flesh on its bones. *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997); *Dillard v. Richmond*, 549 F. Supp. 3d 753, 765 (E.D. Tenn. 2021) ("[W]here a party fails to develop an argument . . . the issue is waived.")

While the Court is mindful of Plaintiff's failure to timely respond and failure to address the legal grounds, it declines to resolve the Motion on procedural grounds alone. The Court will address the merits below.

B.   **Wrongful Foreclosure**

While Plaintiff's Complaint does not explicitly use the term "wrongful foreclosure," it alleges that Defendant improperly foreclosed on their property without adequate notice. At the scheduling conference, Plaintiff's counsel characterized this as a "wrongful foreclosure" claim. However, the Tennessee Supreme Court has recently expressly held that wrongful foreclosure is not an independent common law cause of action. *Case v. Wilmington Trust, N.A.*, 703 S.W.3d 274, 295–96 (Tenn. 2024). While parties may assert breach of contract, tort, or statutory violations in the foreclosure context, the use of the term "wrongful foreclosure" does not transform such allegations into a distinct cause of action. *Id*. at 294–95.

4

Because Plaintiffs do not plead a viable theory under any of those frameworks, their wrongful foreclosure claim cannot survive and must be dismissed as a matter of law.

Moreover, Plaintiffs' specific allegation that they "did not receive notice" of the foreclosure is insufficient as a matter of law. Tennessee law does not require an actual receipt; only that notice be sent in accordance with the deed of trust and Tenn. Code Ann. § 35-5-101(e). *Davis v. Wells Fargo Home Mortgage*, 2018 WL 1560077, at *11 (Tenn. Ct. App. Mar. 29, 2018); *Citizens Nat'l Bank v. Mountain Ridge*, LLC, 2010 WL 4238479, at *6 (E.D. Tenn. Oct. 21, 2010). Plaintiffs failed to allege that notice was not properly sent in accordance with these requirements, as opposed to merely not received, which is fatal to their claim.

Given these deficiencies, Plaintiffs' wrongful foreclosure claim fails.

**C.**     **Fraud and Misrepresentation**

Under Tennessee law, to establish a claim for fraudulent misrepresentation, a plaintiff must allege: (1) the defendant made a representation of an existing or past fact; (2) the representation was false when made; (3) the representation was in regard to a material fact; (4) the false representation was made wither knowingly or without belief in its truth or recklessly; (5) the plaintiff reasonably relied on the misrepresentation fact; and (6) the plaintiff suffered damage as a result of the misrepresentation. *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 311 (Tenn. 2008).

Here, Plaintiffs allege that Defendant "lied both orally and in writing to the Plaintiffs about the status of the loan," citing a payoff statement issued in March 2024, after the foreclosure had already occurred in February 2024. (ECF No. 1-1 at PageID 10.) This claim is fundamentally deficient in multiple respects.

5

First, the payoff statement itself, which Plaintiffs attached to their Complaint as Exhibit 2, merely states "THIS STATEMENT REFLECTS THE TOTAL AMOUNT DUE UNDER THE TERMS OF THE NOTE/SECURITY INSTRUMENT THROUGH THE CLOSING DATE WHICH IS 04/03/24." (ECF No. 1-1 at PageID 19.) The statement, on its face, does not contain any representation that the foreclosure did not occur, nor does it promise that payment would reverse the foreclosure. More significantly, because this statement was issued after the foreclosure had already taken place, Plaintiffs could not have reasonably relied on it to their detriment regarding the foreclosure process.

Second, allegations of fraud must be pled with particularity under Federal Rule of Civil Procedure 9(b). *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (requiring plaintiffs to specify the "who, what, when, where, and how" of the alleged fraud). The Complaint fails to meet this heightened pleading standard, as it does not specify any particular fraudulent statement, the manner in which it was false, or how Plaintiffs reasonably relied on it to their detriment.

Instead, the Complaint contains only vague and conclusory allegations about the payoff statement contradicting the foreclosure without explaining how the statement was false or misleading, let alone how Plaintiffs relied on it, given that it was issued after the foreclosure. As such, any fraud or misrepresentation claims fail as a matter of law.

D.  **Due Process Violation**

Plaintiffs allege a violation of their due process rights based on the foreclosure. (ECF No. 1-1 at PageID 8.) However, it is well-established that the Fourteenth Amendment Due Process clause applies only to state action, not private conduct. *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 156 (1978). "[T]he actions of a private party will not be attributed to the state unless the state

actually compels the action." *King v. Emery*, 836 F.2d 1348 (6th Cir. 1988); *United States v. Coleman*, 628 F.2d 961, 964 (6th Cir. 1980) ("where state involvement in private action constitutes no more than acquiescence or tacit approval, the private action is not transformed into state action even if the private party would not have acted without the authorization of state law").

The courts in this district have consistently held that foreclosure proceedings between private, non-governmental parties do not involve state action. *See Johnson v. Wells Fargo Bank, N.A.*, No. 2:18-cv-2644-JPM-cgc, 2018 WL 6521583, 2018 WL 6521583, at *3 (W.D. Tenn. Oct. 30, 2018); *O'Connel v. Seterus, Inc.*, No. 13-cv-02916-SHL-dkv, 2015 WL 11117943, at *2 (W.D. Tenn. Mar. 27, 2015); *Moore v. BAC Home Loans Servicing, LP*, No. 11-2845-P, 2012 2012 WL 13020708, at *6 (W.D. Tenn. Sept. 11, 2012).

In this case, Plaintiffs' Complaint contains no allegations that Defendant is a state actor or that any governmental entity compelled the foreclosure. The Complaint merely alleges actions taken by a private mortgage servicer pursuant to a private contractual agreement. Accordingly, Plaintiff's due process claim fails as a matter of law.

## CONCLUSION

Plaintiffs have failed to state any claim upon which relief may be granted. Accordingly, Defendant's Motion to Dismiss (ECF NO. 9) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 25th day of March, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE